UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-11394-WGY

| | |
|---|---|
| STANLEY REALTY HOLDINGS, LLC,<br><br>      Plaintiff<br><br>v.<br><br>TOWN OF WATERTOWN,<br>MICHAEL J. DRISCOLL, WATERTOWN<br>ZONING BOARD OF APPEALS,<br>JOHN W. MARSHALL, ANTHONY D.<br>FURIA, ELAINE V. GREY, MELISSA<br>SANTUCCI, JOHN G. GANNON,<br>GREGORY P. WATSON, WATERTOWN<br>HOUSING PARTNERSHIP, THOMAS<br>WADE, MARIANNE CAMERON, LARRY<br>YOUNG, R. STEWART WOOSTER,<br>HOWARD HASHEM, HAROLD BEJCIK,<br>MARK MESSINA, JAMES BARWELL,<br>CRAIG MCKENNA, BEACON<br>RESIDENTIAL PROPERTIES CORP.,<br>BEACON PLEASANT STREET PHASE 1<br>LLC, and 555 WATERTOWN, LLC,<br><br>      Defendants | DEFENDANTS' OPPOSITION TO<br>PLAINTIFF'S MOTION FOR<br>EXTENSION OF TIME TO SERVE<br><u>SUMMONS AND COMPLAINT</u> |

Now come the Municipal Defendants[1] in the above captioned manner and move and request that this Court deny the Plaintiff's Motion for Extension of Time to Serve Summons and Complaint. In making this Motion, the Municipal Defendants (hereinafter, the "Town") note that, despite the filing of this matter in June, 2004, the Plaintiff never provided the Town or its counsel with a copy of the Complaint. Not until November 1, 2004 was the Town alerted to this

---

[1] It appears that the Plaintiff has erroneously named the undersigned counsel as attorney for all of the defendants. However, it is well known to the Plaintiff's Counsel that the Defendants Beacon Residential Properties Corp., Beacon Pleasant Street Phase 1 LLC, and 555 Watertown, LLC are represented by Paul Killeen, Esq. of Holland & Knight.

action; and the Plaintiff only provided a copy of the Complaint after a request by Town Counsel on November 4, 2004.[2]

As grounds for this Opposition, the Town states as follows:

The Plaintiff, a developer of residential housing, has submitted two applications for residential development.  The first of these applications was for a special permit for the development of 222 units of housing.  The Watertown Zoning Board of Appeals denied this application due to unacceptable impacts to the adjacent residential neighborhood.  The Plaintiff did not appeal the denial of this application and the time for such appeal has long since lapsed.  The Watertown Conservation Commission also rejected the Plaintiff's application due to unacceptable impacts to vital wetland resource areas.

Notwithstanding impacts to the adjacent residential neighborhood, the Plaintiff then filed an application for a larger, more dense "Chapter 40B" project of 264 units on the same parcel. In recognition of the project's clear shortcomings, the Plaintiff refused to submit a qualifying application and appear at the Zoning Board's hearings, instead choosing to initiate a specious action in the Massachusetts Land Court, claiming a constructive grant.  Ultimately, the Zoning Board rejected the 264 unit proposal.

This federal action represents the fifth meritless legal proceeding brought against the Town by the Plaintiff.  The four prior legal proceedings are as follows:

1.    The Massachusetts Land Court has rejected the Plaintiff's claim of constructive grant.  In dismissing the Plaintiff's complaint, the Land Court found that the Plaintiff failed to satisfy the jurisdictional pre-requisites for applying for a permit under G.L. c. 40B, §§ 20-23.  See Exhibit A, attached hereto.  The Plaintiff has appealed the Land Court's judgment.

---

[2] Undersigned Town Counsel has not accepted service of the Complaint.

2.      The Middlesex Superior Court has dismissed the Plaintiff's Appeal of the

Watertown Conservation Commission's denial. See Exhibit B, attached hereto.

The Plaintiff has appealed the Superior Court's Judgment.

3.      The Massachusetts Housing Appeals Committee, which is the administrative body

that hears appeals of Chapter 40B decisions, has dismissed an additional appeal

by the Plaintiff from the Zoning Board's denial. See Exhibit C, attached hereto.

The Plaintiff has appealed the Housing Appeals Committee's Judgment.

4.      The Middlesex Superior Court is currently considering a Motion for Summary

Judgment, seeking the dismissal of the Plaintiff's appeal of a permit issued by the

Watertown Zoning Board of Appeals to a competing developer.  Such Motion is

based upon the Plaintiff's complete lack of standing to bring the appeal.  It is

noteworthy that, in bringing such appeal, the Plaintiff alleges that the competing

project will result in an affordable housing "ghetto" (See Exhibit D, attached

hereto).  This outrageous allegation cannot be reconciled with the Plaintiff's

Complaint in the above-captioned matter.

The Plaintiff's Motion for an Extension is solely predicated upon a statement that the

parties are involved in settlement negotiations.  This statement is FALSE.  Given the litigious

and coercive posture of the Plaintiff, the Town has chosen not to engage the Plaintiff in

settlement negotiations.  The Town has suffered and continues to suffer hardship as a result of

the need to defend against five meritless civil actions brought by the Plaintiff.

WHEREFORE, the Town respectfully requests that the Court deny the Plaintiff's Motion for Extension and summarily dismiss the Plaintiff's Complaint.

DEFENDANTS,

Town of Watertown, et al.

By their attorney,


/s Jason R. Talerman
Jason R. Talerman (BBO# 567927)
Katharine Goree Doyle (BBO# 634131)
    Town Counsel
Kopelman and Paige, P.C.
31 St. James Avenue
Boston, MA  02116
(617) 556-0007

Date: November 5, 2004

235718/watr/0059

<u>CERTIFICATE OF SERVICE</u>

      I, Jason R. Talerman, hereby certify that on the below date, I served a copy of the foregoing Defendants' Opposition to Plaintiff's Motion for Extension of Time to Serve Summons and Complaint to the following counsel of record:

             Michael D. Vhay, Esq.
             Piper Rudnick, LLP
             One International Place
             21st Floor
             100 Oliver Street
             Boston, MA 02110-2600


Dated:  November 5, 2004           /s Jason R. Talerman_____
                                 Jason R. Talerman, Esq.