EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

LAND COURT

DEPARTMENT OF THE TRIAL COURT

MIDDLESEX, ss.                                                    MISCELLANEOUS
                                                                  CASE NO. 293271

| | |
|---|---|
| STANLEY REALTY HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| WATERTOWN ZONING BOARD OF | ) |
| APPEALS, and JOHN W. MARSHALL, | ) |
| JOHN J. McCARTHY, JR., ANTHONY D. | ) |
| FURIA, ELAINE V. GREY, HARRY J. | ) |
| VLACHOS, as members of the Watertown | ) |
| Zoning Board of Appeals, and MELISSA | ) |
| SANTUCCI and JOHN G. GANNON, as | ) |
| alternate members of the Watertown Zoning | ) |
| Board of Appeals, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**JUDGMENT OF DISMISSAL**

This cause came to be heard on Defendant Watertown Zoning Board of Appeals'

Second Motion for Summary Judgment Pursuant to Mass. R. Civ. P. 56 (b) (motion) filed on June

11, 2004.  The parties argued the motion on July 16, 2004.

Pursuant to Mass. R. Civ. P. 56 (c), a decision entered this day.[1]   In accordance with

that decision, it is hereby

ORDERED and ADJUDGED that Stanley Realty Holdings, LLC (Stanley Realty)

---

[1] If not specifically defined herein, each term carries the same definition employed in the
decision.

failed to file a complete application for a comprehensive permit under 760 Code Mass. Regs. §§ 31.01 (1), (3), and was not entitled to a public hearing on the incomplete application pursuant to G. L. c. 40B, § 21; and it is further

ORDERED and ADJUDGED that the Watertown Zoning Board of Appeals had no obligation to convene a public hearing under G. L. c. 40B, § 21, on the purported application filed by Stanley Realty; and it is further

ORDERED and ADJUDGED that the complaint is dismissed.

By the Court (Lombardi, J.)

Attest:

Dated: July 21, 2004

Deborah J. Patterson
Recorder

A TRUE COPY
ATTEST:

Deborah J. Patterson
RECORDER

2

**EXHIBIT B**

**EXHIBIT B**

# COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, SS.**

**SUPERIOR COURT
CIVIL ACTION
NO. 03-2637**

## STANLEY REALTY HOLDINGS, LLC,
**Plaintiff**

### <u>VS.</u>

## MARYLOUISE PALLOTTA MCDERMOTT et al., as they are members of the CONSERVATION COMMISSION OF THE TOWN OF WATERTOWN,
**Defendants**

## <u>MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO DISMISS</u>

The defendant members of the Watertown Conservation Commission ("the

Commission") have moved to dismiss the complaint on the grounds that the appeal brought by

the plaintiff Stanley Realty Holdings, LLC ("Stanley") is moot. After hearing, this Court

<u>**ALLOWS**</u> the motion to dismiss.

This action seeks certiorari review of the denial by the Commission of a Notice of Intent

and Application for Work submitted by Stanley regarding its proposed multi-unit residential

development in Watertown. Stanley contends that the Commission has erred as a matter of law

in its interpretation of the word "bank" under the Watertown Wetlands Ordinance. According to

Stanley, this misinterpretation wrongly led the Commission to conclude that the proposed

development violated the Watertown Wetlands Ordinance because it proposed building a

structure within 50 feet of the "bank" of Walker Pond.

In order to construct the proposed development, however, Stanley also needed approval

of a Special Permit by the Watertown Zoning Board of Appeals. Stanley's application for such

approval was denied on September 4, 2003, and it made no timely appeal of that denial. As a

result, regardless of the outcome of this appeal, the development proposed to the Commission

cannot be built, so the issue before the Court is moot.

Since this action was filed, Stanley has pursued two other avenues to build its proposed development.  First, Stanley has added residential units to its proposed development and applied for a Comprehensive Permit under the Massachusetts Affordable Housing Statute, G.L. c. 40B.  By applying for a Comprehensive Permit, Stanley now seeks a single permit from the Watertown Zoning Board of Appeals, rather than separate permits from the Commission and other local boards.  As a result, the question of whether the proposed development conforms to the Watertown Wetlands Ordinance now shall be decided by the Zoning Board of Appeals, not the Commission.  In addition , under G.L. c. 40B, § 20, Stanley may seek waivers from the Zoning Board of Appeal of the relevant provisions of the Wetlands Ordinance, including that limiting development within 50 feet of a "bank."  If Stanley's application for a Comprehensive Permit were denied, its appeal would be initially to the Massachusetts Housing Appeals Committee, not the Superior Court.  Second, while it seeks this approval from the Zoning Board of Appeals, Stanley is prosecuting an action in the Land Court contending essentially that its Comprehensive Permit Application has already been approved.

In view of Stanley's shift of strategy, it is plain to this Court that any opinion it would render as to the proper interpretation of the term "bank" would be purely advisory and would not resolve an actual controversy.  This Court acknowledges that there are circumstances where courts resolve a question that is moot because the question is "certain, or at least very likely, to arise again in similar factual circumstances" but will consistently evade review.  *Lockhart* v. *Attorney General*, 390 Mass. 780, 783 (1984).  Those circumstances are not present here.

Here, while the meaning of the word "bank" in the Watertown Wetlands Ordinance is an

**Middlesex Civil Action**           **-4-**           **No. 03-2637**

for review, any remedy would prove futile.

### ORDER

For the reasons detailed above, the defendants' motion to dismiss the complaint as moot

is **ALLOWED**.

_____

Ralph D. Gants

Justice of the Superior Court

DATE:  April 15, 2004

EXHIBIT C

EXHIBIT C

## COMMONWEALTH OF MASSACHUSETTS
## HOUSING APPEALS COMMITTEE

|  |  |
|---|---|
| STANLEY REALTY HOLDINGS, LLC, ) | |
| ) | |
| Appellant ) | No. 04-04 |
| ) | |
| v. ) | |
| ) | |
| WATERTOWN BOARD OF APPEALS, ) | |
| Appellee ) | |

### ORDER OF DISMISSAL

In a motion to dismiss, the Board has pointed to a number of flaws in the developer's appeal.[1]  I will address only the lack of compliance with 760 CMR 31.07(1)(h), which requires dismissal of the appeal.

It is undisputed that in February 2003, the developer applied to the Board for a special permit to build 224 units of housing on the site that is subject to this appeal.  The special permit application "proposed 22 units of affordable housing, as required under § 5.07 of Watertown's Zoning Ordinance."  Developer's Opposition to Board's Motion to Dismiss (filed Mar. 10, 2004), p. 2.  On August 29, 2003, the developer filed an application with the Board for a comprehensive permit under G. L. c. 40B, §§ 20-23 to build 264 units of housing

---

1. For example, the Board argues that the developer abandoned its comprehensive permit application by refusing to participate in the local hearing after it filed suit in Land Court alleging that a comprehensive permit had been constructively granted due to the Board's failure to convene the hearing in a timely fashion.  Without deciding this question, I note that the developer's reliance on our decision in *Casaletto Estates, LLC v. Georgetown*, No. 01-12 (Housing Appeals Committee May 19, 2003) is misplaced since that case involved delays in the hearing process itself, not delay in opening the hearing.

on the same site. The special permit application was denied on September 4, 2003. The comprehensive permit application was denied on December 30, 2003.

Our regulations establish a twelve-month protective period for the Board when a comprehensive permit developer has had a related application pending on the same site. The developer is not prohibited from filing a comprehensive permit application within the period, but any decision issued by the Board must be upheld as a matter of law "if 12 months has not elapsed between the date of the [comprehensive permit application] and... the date of a prior application for a ... special permit... on the same land if that application included no low or moderate income housing." 760 CMR 31.07(1)(h).

"Low or moderate income housing" is a defined term in Chapter 40B. It is "any housing subsidized by the federal or state government to assist the construction of low or moderate income housing...." G.L. c. 40B, § 20. The 22 units of housing proposed in the developer's special permit application were to be Local Initiative Units pursuant to 760 CMR 45.03. Such units, if fully qualified, would be low or moderate income housing. 760 CMR 30.02 (definition of "low or moderate income housing," § (c)).

The units to have been created in conformity with the Watertown ordinance would have met nearly all the Local Initiative Unit requirements, and it is not significant, as the Board argues, that they had not yet been officially certified by the Department of Housing and Community Development. What is important, however, is that they did not have the formal support of Watertown's chief elected official, as required in the introductory paragraph of § 45.03. Requiring such support from one part of local government before the developer is permitted to challenge the denial of the comprehensive permit by a different board in the same town is certainly a significant hurdle for the developer to clear. But it is not

3

insurmountable, and this is what the regulations, read together, require. Further, a narrow

construction is appropriate since the regulation was clearly promulgated to provide an

advantage to the town. And, it is consistent with the overall policy behind this regulation,

which is to discourage developers from maintaining multiple applications or from using a

comprehensive permit application as leverage to gain special permit approval.

Consistent with a technical reading of the "related application" regulation, and with

the underlying policy considerations, I find that under the specific factual circumstances

presented, the 22 units of affordable housing required by the Watertown Zoning Ordinance to

be included in the special permit development were not low or moderate income housing.

Pursuant to 760 CMR 31.07(1)(h), the decision of the Board must therefore be upheld, and I

hereby dismiss the appeal.

This ruling may be reviewed in accordance with the provisions of G.L. c. 40B, § 22

and G.L. c. 30A by instituting an action in Superior Court within 30 days of receipt of the

decision.

Housing Appeals Committee

Dated: April 15, 2004

Werner Lohe
Presiding Officer

LPc\c-w

**EXHIBIT D**

**EXHIBIT D**

The approval of the Beacon Project marks another step in the ZBA's unlawful efforts to hinder Stanley Realty and its plans for its site. Among other things, the Beacon Project:

- Fails to provide adequate on-site parking and loading spaces;

- Unacceptably increases neighborhood traffic;

- Limits the Stanley Realty Project from using existing drains for stormwater runoff;

- Significantly hampers the Stanley Realty Project's use of existing sewer lines;

- Creates a noisy, high-traffic, on-site service area immediately adjacent to the Stanley Realty Project; and

- Creates a "ghetto" of affordable housing units that unfairly benefits Beacon's developers, and disadvantages the Stanley Realty Project.

Under c.40A, § 17 and c.40B, § 21, Stanley Realty is now entitled to seek judicial review of and relief from the ZBA's unlawful approvals.

### Jurisdiction

1.    This Court has jurisdiction over the subject matter of this action pursuant to c.40A, § 17 and c.40B, § 21.

### Parties

2.    Plaintiff Stanley Realty Holdings, LLC is a Massachusetts limited liability company with its principal place of business at 101 Arch Street, Boston, Massachusetts.

3.    Defendant Watertown Zoning Board of Appeals is a board of appeals duly constituted pursuant to c.40A, § 12. The ZBA's offices are at 149 Main Street, Watertown, Massachusetts.

4.    Defendant John W. Marshall resides at 230 Orchard Street, Watertown, Massachusetts.

~BOST1:299691.v2